UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60198-CR- DIMITROULEAS

UNITED STATES OF AMERICA

v.

WOOSVELT PREDESTIN,

    **Defendant.**
_____/

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MEMORANDUM IN AID OF SENTENCING**

The United States, by and through the undersigned Assistant United States Attorney, hereby files its position with respect to the sentencing memorandum filed by defendant Woosvelt Predestin. In support of its position, the United States avers as follows:

1. *Defendant is Not Entitled to a Downward Role Adjustment.*

Defendant Woosvelt Predestin asserts that he was less involved than other participants in the offense, namely co-defendant Geralda Adrien, and is therefore eligible for a minimal role reduction.

As the Court is aware, a defendant is eligible for a two to four-level reduction of his base offense level if his role in the offense can be described as minimal, minor, or somewhere in between. *See* U.S.S.G. § 3B1.2. Application Note 5 to USSG § 3B1.2 states that "a minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal." Application Note 4 defines a minimal participant as intended

1

to cover defendants who are plainly among the least culpable of those involved in the conduct of a group. *Id*. Significantly, "[t]he proponent of the downward adjustment . . . always bears the burden of proving a mitigating role in the offense by a preponderance of the evidence." *Id.*

The seminal Eleventh Circuit case of *United States v. DeVaron*, 175 F.3d 930 (11th Cir. 1999), dictates that a "district court's ultimate determination of the defendant's role in the offense should be informed by two principles discerned from the Guidelines: first, the defendant's role in the relevant conduct for which she has been held accountable at sentencing, and, second, her role as compared to that of other participants in her relevant conduct." *DeVaron* at 940.

As to the first prong, the Eleventh Circuit has observed that a minor role adjustment "only makes sense analytically if the defendant can establish that [his] role was minor as compared to the relevant conduct attributed to [him]." *Id*. at 941. Predestin cannot satisfy this burden. Predestin is only being held responsible for the fraud committed at PowerfulU and Docu-Flex, where he worked with Adrien to sell 223 fraudulent RN degrees and 82 fraudulent LPN degrees. In furtherance of this scheme, Predestin transported a confidential source from the airport to meet Adrien, and, during the trip, provided information about the sale of nursing degrees. Additionally, Predestin participated in a transaction involving a second confidential source by completing the fingerprinting process and receiving payment of $5,000. Predestin also participated in a meeting regarding the sale of a nursing degree to a third source. Examining these facts in their entirety, Predestin played a crucial role in the success of the fraud conspiracy. Consequently, a minor role adjustment does not make sense analytically under the De Varon standard.

As to the second prong of the De Varon standard, this Court is required to perform a relative assessment of the culpability of the participants in the criminal enterprise. *De Varon* at 944. To

that end, Predestin is admittedly less culpable than his co-defendant, Geralda Adrien, who owned and operated PowerfulU and Docu-Flex and was assessed an upward adjustment for her managerial role in the offense (PSI at ¶ 61).

The Eleventh Circuit has made it clear, however, that such an analysis of relative culpability does not end the inquiry. *De Varon* at 944. The De Varon court aptly observed: "[t]he fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of role in the offense, since it is possible that none are minor or minimal participants." This is such a case. Put simply, Predestin cannot be characterized as a minor or minimal participant.

To the contrary, Predestin's involvement in the fraud scheme was pervasive and continuous, having occurred from March of 2019 through July 9, 2021. In other words, this is not a case where a lowly co-conspirator executed a single, isolated, non-critical step of the fraud scheme. This case is far different. Indeed, in his role as office assistant who processed applications for fraudulent nursing degrees and received payments, Predestin took numerous affirmative steps, over the course of two years, to ensure that the fraud scheme was executed successfully, and to avoid law enforcement detection.

Thus, Predestin cannot prove by a preponderance of the evidence that his role was minor far less minimal under the second prong of the De Varon standard. It follows that Predestin's activities warrant neither a mitigating nor an aggravating role adjustment pursuant to § 3B1.1 of the Sentencing Guidelines Manual and his objection should be overruled.

   2. *Defendant's Conduct Does Not Warrant a Downward Variance or Departure.*

Defendant Predestin should not be awarded a downward variance or departure from the

applicable sentencing guideline calculation. For the reasons set forth below, this Court should reject any request for a downward variance and impose a term of imprisonment within the applicable advisory guideline level.

Following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 330, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), courts review a defendant's sentence for reasonableness. See *United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir.2005). After Booker, a district court, in determining a reasonable sentence, must correctly calculate the advisory guidelines range and then consider the factors set forth in 18 U.S.C. § 3553(a). *United States v. Talley*, 431 F.3d 784, 786 (11th Cir.2005); *Winnegar*, 422 F.3d at 1246. The factors set forth in § 3553(a) serve as a guide in this review. *Id*. at 1246. Those factors include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (4) the need to protect the public; and (5) the guideline range. *See* 18 U.S.C. § 3553(a).

Post Booker precedents emphasize that district courts must correctly calculate the advisory guideline range before granting a variance, *see United States v. Crawford*, 407 F.3d 1174, 1178 1179 (11th Cir. 2005), and that traditional guidelines departures are still an integral part of the sentencing process post Booker, *see United States v. Jordi*, 418 F.3d 1212, 1215 (11th Cir. 2005). Under this framework, defendant terms his request for a sentence less than the guideline sentence pursuant to § 3553(a) as a variance rather than a departure. *See United States v. Scott*, 426 F.3d 1324 (11th Cir. 2005) (distinguishing between departures from the guideline range and variances pursuant to the § 3553(a) factors). A variance is a sentence outside the applicable advisory

4

guideline range that is imposed after such range, including any departures, has been correctly calculated. *See United States v. Irizarry*, 458 F.3d 1208, 1211 12 (11th Cir. 2006).

A district court may only depart or vary from the Sentencing Guidelines when there is an "aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b). When making this determination, the court may "consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission." *Id*.

In view of these sentencing principles, a sentence within the applicable sentencing guidelines range, considering defendant's offense conduct, his personal history and circumstances, just punishment, and adequate deterrence, is reasonable. As the Booker Court noted, "[t]he district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *Booker*, 125 S.Ct. at 767.  A sentence within the Guidelines range would satisfy one of the explicit § 3553(a) factors. *See* 18 U.S.C. § 3553(a)(4).

Defendant relies on several grounds for a downward departure or variance including his personal circumstances and lack of prior criminal record. Predestin's family circumstances, however, are not so extraordinary as to remove his case from the heartland warranting a downward departure. Nor should his lack of criminal record warrant a deviation insofar as that factor is already taken into account based upon his criminal history category designation I. Consequently, defendant's circumstances and criminal record do not qualify as an "extraordinary case" which would warrant deviation from the advisory guideline. Rather, Predestin' case is ordinary and is within the "heartland," *see Koon v. United States*, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996) (noting that a departure from the Sentencing Guidelines is only appropriate if the case is

5

outside the "heartland" of typical cases embodied by the guideline), of typical cases covered by the applicable guideline. *See, e.g., United States v. Panfil*, 338 F.3d 1299 (11th Cir.2003); *United States v. Miranda*, 348 F.3d 1322 (11th Cir. 2003).

To the contrary, defendant's stance seeking a downward variance consciously overlooks the real casualty that resulted from his actions, that is, the potential grave harm he brought to the integrity of public health systems nationwide. Applicants who obtained fraudulent LPN and RN degrees from PowerfulU and Docu-Flex obtained certification from state boards of nursing across the United States. These applicants who were awarded licensure by unwitting state boards in fact failed to obtain the requisite training and clinical experience to satisfy the minimum standards to safely practice as nurses.

It is without cavil that defendant's conduct contributed greatly to a significant and real risk of patient harm. In such a case, it is incumbent upon the Court to send a strong, clear message to the public that such a violation of the collective trust cannot and will not be tolerated. In this case, such a message is all the more required given the gravity of Predestin' criminal activity.

Considering the extenuating nature of defendant's corrupt actions, a reduced sentence, as advocated by defense counsel, would absolve defendant of his egregious conduct and provide little deterrent to like-minded offenders. The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment cries out for a sentence commensurate with that advised by the Sentencing Guidelines. These factors are unquestionably legitimate and serve as a reasonable basis upon which to not vary downward from the advisory guideline range.

In sum, the record reveals nothing to indicate that the range of sentence prescribed under

the Sentencing Guidelines is unreasonable in light of the § 3553(a) factors, and defendant's request for a below guidelines sentence should be rejected.

## CONCLUSION

WHEREFORE, based on the foregoing, the United States respectfully requests that the Court consider the position of the United States with respect to the sentencing memorandum filed by defendant Woosvelt Predestin in the instant case.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By:  /s/ Christopher J. Clark
CHRISTOPHER J. CLARK
Assistant United States Attorney
Florida Bar No. 0588040
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9167
christopher.clark@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 8, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

    /s/ Christopher J. Clark  
CHRISTOPHER J. CLARK  
ASST. UNITED STATES ATTORNEY